MARTIN, Circuit Judge,
concurring:
I concur in both the. reasoning and the result of the majority opinion. I write separately, however, to highlight the role of this Circuit’s waiver precedent in arriving at this result. As the majority opinion points out, the Supreme Court recently clarified how courts should apply the cate *825 gorical and modified categorical approaches in Descamps v. United States, 570 U.S.-, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Descamps makes clear that, when we consider a statute like S.C.Code § 16-11-312 that criminalizes some conduct that would constitute a crime of violence and some conduct that would not, we must first consider whether or not the statute is divisible before we apply the modified categorical approach. See id. at 2285. As the- majority points out, and evidenced by the parties’ arguments in this appeal, there are persuasive arguments on both sides of that question for S.C.Code § 16-11-312. But because Mr. Ramirez-Flores did not object to the District Court’s application of the modified categorical approach during the sentence hearing, we review the District Court’s answer to that question only for plain error.[1] As a result, we apply the modified categorical analysis here even though we might not were we conducting de novo review.
Because we apply the modified categorical approach, we reach the issue of whether Mr. Ramirez-Flores’s objection to the facts set forth in paragraph 28 of the presentence investigation report (PSR) precluded the District Court from relying on it. This Circuit’s precedent regarding the adequacy of objections is unforgiving. At the sentence hearing, the District Court asked counsel whether there were “any objections as to the factual accuracy of the [PSR] or as to the application of the guidelines as contained in the presentence report.” Mr. Ramirez-Flores’s counsel said he had both. The Court inquired “Which paragraph is in question?,” and counsel identified paragraph 28. There was then some general discussion about whether the prior burglary conviction, described in paragraph 28 of the PSR, was violent or nonviolent.
Under the precedent of this Court, this objection does not preserve the issue for appellate review. In order to have done so, counsel would have been required to explain with “specificity and clarity,” United States v. Bennett, 472 F.3d 825, 832 (11th Cir.2006) (per curiam), that he objected to the description of the dwelling burglarized as a “residence.” This he did not do, and as a result we consider that fact admitted. See id. at 833-34.
This is all to say that, had the proceedings unfolded differently below, Mr. Ramirez-Flores might see relief. Indeed if he had had the benefit of Descamps at the time of his sentencing, that might also be true. But given the reality of the record on appeal, we are bound by our precedent to deny him relief now.

. In referring, to Mr. Ramirez-Flores’s counsel’s acquiescence to the modified categorical approach at the sentence hearing, it seems only fair to acknowledge that counsel did not have the benefit of the Supreme Court’s teaching in the Descamps opinion at the time. The Descamps opinion was issued after Mr. Ramirez-Flores was sentenced. And the Des-camps Court recognized' the circuit . split which existed about "whether the modified categorical approach applies to statutes ... that contain a single, ‘indivisible’ set of elements sweeping more broadly than the corresponding generic offense.” 133 S.Ct. at 2283. So to the extent Mr. Ramirez-Flores’s counsel thought the modified categorical approach was appropriate, he was not alone. Indeed there remain conflicting views even after Des-camps. ''